## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| Consolidated Insured Benefits, Inc., and Ronald F. English, | ) ) ) | Civil Action No.: 6:03-3211-RBH |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **O R D E R** |
| Conseco Medical Insurance Company, | ) ) ) | |
| Defendant. | ) ) ) | |

This matter is before the court on the defendant's motion to reconsider the court's Orders of February 23, 2004 and December 21, 2004. The plaintiffs have filed a response in opposition to this motion. Defendants filed a reply. Plaintiffs filed a sur-reply and attached supplemental authority. Defendants filed a response to the plaintiffs' supplemental authority. Thus, the matter has been briefed extensively and is ripe for consideration.[1]

## I. Background Facts and Procedural History

The plaintiffs filed a complaint against the defendant on October 8, 2003, alleging causes of action for fraud, negligent misrepresentation, and breach of fiduciary duty. On November 24, 2003, the defendant filed a motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Specifically, the defendant argued that a forum selection clause in the agreement between defendant and plaintiffs requires that all claims arising under the agreement would be under the exclusive jurisdiction of the courts of Hamilton County, Indiana. Alternatively, the defendant

---

[1] The court notes that the plaintiffs have requested oral argument on the current motion. However, the court finds the matter has been briefed adequately, and therefore, oral argument is not necessary. See Local Rule 7.08 (D.S.C.), which provides that "[h]earings on motions may be ordered by the court in its discretion. Unless so ordered, motions may be determined without a hearing.

requested that the court transfer the case to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a).

On February 23, 2004, The Honorable Henry M. Herlong, Jr., denied the defendant's motion to dismiss because he found the forum selection clause in the agreement "unreasonable," as enforcing the clause would contravene a "strong public policy of the forum state." Specifically, Judge Herlong found that S.C. Code Ann. § 15-7-120(A) is evidence of a strong public policy in South Carolina of non-enforcement of a forum selection clause that would deprive a South Carolina litigant of his choice of forum. The defendant's alternative motion to transfer venue pursuant to 28 U.S.C. § 1404(a) was also denied.

On October 26, 2004 the defendant filed a motion to reconsider. The defendant raised three arguments in the motion. First, that South Carolina has no public policy against out-of-state forum selection clauses. In support of that argument, the defendant pointed out that the undersigned had made such a finding in Atlantic Floor Services, Inc. v. Wal-Mart Stores, Inc., 334 F.Supp.2d 875 (D.S.C. 2004). Second, the defendant argued that because the United States District Court for the District of Georgia considered the identical forum selection clause in a recent case and transferred the case to the District of Indiana, then Judge Herlong should do the same. Finally, the defendant argued that the precedent in the United States Court of Appeals for the Fourth Circuit required Judge Herlong to enforce the out-of-state forum selection clause, regardless of the convenience of the parties and the witnesses.

On December 21, 2004 Judge Herlong denied the defendant's motion to reconsider. In the Order, when specifically addressing the defendant's argument that South Carolina has no public policy against out-of-state forum selection clauses, Judge Herlong stated that he disagreed with the

2

undersigned's decision in the <u>Atlantic Floor</u> case. Judge Herlong then proceeded to analyze the undersigned's decision in the <u>Atlantic Floor</u> case and explain why he thought it was not the correct decision.

On June 21, 2005 the defendant filed a motion for summary judgment. Additionally, on July 20, 2005 the defendant filed a motion to exclude the testimony of one of plaintiffs' experts. Before either motion was ruled on, the case was transferred from Judge Herlong to the undersigned on August 15, 2005.

On August 22, 2005 the defendant filed a motion for leave to file a renewed motion to reconsider the court's Orders of February 23, 2004 and December 21, 2004. On February 17, 2006 the undersigned issued an Order [Entry #83] granting the defendant's motion.[2]

## II. <u>Standard of Review</u>

Motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure. Therefore, the court will treat the present motion as a Rule 59 Motions to Alter or Amend the Judgment.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." <u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made

---

[2] This court's reasoning for granting the defendant's motion was explained in detail in its February 17, 2006 Order and it is incorporated herein.

3

before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. See Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

### III. Discussion

The Orders which this court is asked to reconsider involve the defendant's motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, to transfer the case to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a). The court will address each in turn.

**A) Transfer of Venue**

Although seemingly out of order, the court will first discuss the defendant's alternative request to transfer venue pursuant to § 1404(a). In the current motion before the court, the defendant contends that the undersigned's decision in Atlantic Floor controls the venue issue presented in this matter and that this action is due to be transferred to the United States District Court for the Southern District of Indiana, despite the previous Orders entered regarding this issue.

Initially, the undersigned must note that the decision in Atlantic Floor is inapposite to the question of transferring venue under § 1404(a) because in Atlantic Floor this court dismissed the case and did not reach the issue of transfer under § 1404(a). Next, this court concurs with Judge Herlong's ruling in the February 23, 2004 Order that even if the forum selection clause in the case at bar was enforceable, a transfer pursuant to § 1404(a) is not available. The forum selection clause at issue states that "[e]ach party agrees to the exclusive jurisdiction of the courts of Hamilton County, Indiana . . . ."

4

Notably, this clause designates a state court as the exclusive forum.[3]  This court concurs with Judge

Herlong's findings that "because § 1404(a) only permits transfer to a 'district or division where it might

have been brought,' section 1404(a) is unavailing as there is no federal court to which to transfer this

action."  See Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 298 (3rd Cir. 2001) ("Transfer

[under 28 U.S.C. § 1404(a)] is not available . . . when a forum selection clause specifies a non-federal

forum.").[4]

### B)  Improper Venue

As noted above, the defendant's motion also requests that the court reconsider the previous

Orders with regard to its motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal

Rules of Civil Procedure.[5]  Again, the defendant argues that a forum selection clause in the agreement

---

[3] This court takes judicial notice that there is no federal courthouse in Hamilton County, Indiana. Although the Indianapolis Division of the United States District Court for the Southern District of Indiana encompasses Hamilton County, the courthouse is located in the city of Indianapolis, which is in Marion County, Indiana.

[4] This court finds that it is not necessary to expound on Judge Herlong's decision in the February 23, 2004 Order to also not transfer under § 1404(a) because of his weighing of factors enunciated in Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988).  However, this court will note that it finds the Stewart factors, which are relevant to a § 1404(a) transfer, would not be applied in this case because as previously stated, the forum selection clause requires the action to be brought in state court, which notably cannot be achieved through § 1404(a).  Therefore, the analysis of the United States Supreme Court in M/S Breman v. Zapata Off-Shore Co., 407 U.S. 1 (1972) is applicable, not the discussion in Stewart, as M/S Breman dealt with a motion to dismiss in order to enforce a forum selection clause that specified a court to which the district court could not transfer the case.  See Bassett Seamless Gutters, Inc. v. Gutterguard, LLC, 2006 WL 156874, *4 n. 5 (M.D.N.C. January 20, 2006) (citing 17 James Wm. Moore, et al., Moore's Federal Practice § 111.04 [3][a] & [b] (3d ed. 2003) (when forum selection clause makes state or foreign court the exclusive forum, there is no federal court to which transfer may be ordered, so "section 1404(a) and the flexible Stewart factors do not apply" and M/S Breman standards do apply.)).

[5] It should be noted that the plaintiffs contend that the defendant has limited the current motion to reconsider to transferring venue and not dismissal of this action.  The defendant responds to the contrary, and states that it is still seeking dismissal.  After review, this court finds the plaintiffs'

between the parties requires that all claims arising under the agreement would be under the exclusive jurisdiction of the courts of Hamilton County, Indiana.

Forum selection clauses are *prima facie* valid and enjoy a presumption of enforceability "unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Breman v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). "Choice of forum and law provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state." Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996) (internal quotations omitted).

In the February 23, 2004 Order, Judge Herlong found that S.C. Code Ann. § 15-7-120(A)[6] is evidence of a strong pubic policy in South Carolina of non-enforcement of a forum selection clause that would deprive a South Carolina litigant of his choice of forum. For that reason, Judge Herlong denied the defendant's motion to dismiss due to improper venue. As noted above, in the December 21, 2004 Order, while ruling on the defendant's motion for reconsideration, Judge Herlong analyzed the undersigned's decision in the Atlantic Floor case and explained why he did not concur. As such, Judge

---

argument on this issue is without merit because the defendant specifically adopted and incorporated the grounds and arguments it espoused in its previous motions.

[6] S.C. Code Ann. § 15-7-120(A) states:

> Notwithstanding a provision in a contract requiring a cause of action arising under it to be brought in a location other than as provided in this title and the South Carolina Rules of Civil Procedure for a similar cause of action, the cause of action alternatively may be brought in the manner provided in this title and the South Carolina Rules of Civil Procedure for such causes of action.

Herlong again held that South Carolina has a strong public policy against out-of-state forum selection clauses.

As mentioned above, subsequent to the December 21, 2004 Order, this case was reassigned to the undersigned on August 15, 2005.  The defendant asks that this court reconsider the previous Orders in light of its decision in <u>Atlantic Floor</u>, where this court found that "a finding that [forum selection] clauses violate the 'strong public policy' of South Carolina is not supported by decision of its state courts." <u>Id.</u> at 880.  Thus, the defendant requests that this court grant its motion to dismiss and set aside the earlier rulings of Judge Herlong which contradict the undersigned's view concerning forum selection clauses.

In response, the plaintiffs point out that the Supreme Court of South Carolina recently decided <u>Johnson & Building Environmental Services, Inc. v. Key Equipment Finance, et al.</u>, 627 S.E.2d 740 (S.C. 2006), and it purportedly supports the plaintiff's opposition to the defendant's motion.  The plaintiff notes that in the course of reaching the decision in <u>Johnson</u>, the Court noted "South Carolina's general disfavoring of forum selection clauses." <u>Id.</u> at 741-742.

This court must first note, as it did in <u>Atlantic Floor</u>, that to avoid enforcement of an otherwise valid forum selection clause on the ground that it violates public policy, the party opposing application of the clause must show that enforcement would contravene a "*strong public policy* of the forum state." <u>M/S Breman</u>, 407 U.S. at 15 (emphasis added).  Importantly, a state's "disfavor" of forum selection clauses is not sufficient to rebut the strong federal policy in favor of forum selection clauses.  <u>Stewart Org. v. Ricoh Corp.</u>, 487 U.S. 22, 30-31 (1972) (holding federal law applicable despite Alabama's unfavorable view of forum selection clauses).  Therefore, contrary to the plaintiffs' assertion otherwise, this court finds that the Supreme Court of South Carolina's decision in <u>Johnson</u> does not change this

7

court's holding in <u>Atlantic Floor</u> that the decisions of South Carolina state courts do not support a finding that forum selection clauses violate the "strong public policy" of South Carolina.

Next, the court should note a few more details of the <u>Johnson</u> decision.  In that case, the Supreme Court of South Carolina was presented with the following issues for review:

> I.. Did the trial court err in dismissing Appellants' claims because the forum selection clause does not encompass causes of action that arose prior to the signing of the lease agreement?

> II. Did the trial court err in failing to find that notwithstanding a forum selection clause, S.C. Code Ann. § 15-7-120 allows for personal jurisdiction of a party in South Carolina?

<u>Id.</u> at 667.  In reaching its decision on the first issue, the Court noted "South Carolina's  general disfavoring of forum selection clauses." <u>Id.</u> at 668.  Importantly, in making this statement the Supreme Court of South Carolina cited the decision of Judge Herlong in <u>Ins. Prod. Mktg., Inc. v. Indianapolis Life Ins. Co.</u>, 176 F. Supp.2d 544, 550 (D.S.C. 2001).  Moreover, this court finds it is significant that the Court declined to address the second issue presented, which specifically involved S.C. Code Ann. § 15-7-120 and its application to forum selection clauses.  Unfortunately, a decision on that issue would have been helpful to this court in deciding the question at hand.

The court should also note that the very next opinion issued by the Supreme Court of South Carolina was <u>Microplanet Systems v. American Aire, Inc.</u>, 628 S.E.2d 43 (S.C. 2006).  The <u>Microplanet Systems</u> opinion was filed on the same day as <u>Johnson</u> and written by the same justice (Acting Justice Clyde N. Davis, Jr.).  The case was an appeal from a circuit court order directing entry of a Texas judgment against American Aire.  The issue before the Court was whether the circuit court erred  "in holding the forum selection clause contained in the parties' contract was sufficient to establish personal jurisdiction over American Aire?" <u>Id.</u> at 44.  The Court began its analysis with a general discussion of

the fact that Texas courts have recognized that "enforcement of forum-selection clauses is mandatory" unless certain exceptions are met. Id. at 45. Then, by way of footnote, the Court stated that "[u]nder South Carolina law, a consent to jurisdiction clause is generally presumed valid and enforceable . . . ." Id. (citing Republic Leasing Co., Inc. v. Haywood, 495 S.E.2d 804 (S.C. Ct. App. 1998), *vacated on other grounds*, 516 S.E.2d 441 (S.C. 1999); Security Credit Leasing, Inc. v. Armaly, 529 S.E.2d 283 (S.C. Ct. App. 2000) (citing M/S Breman). See also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991) (upholding forum-selection clause notwithstanding form contract in which one party did not have bargaining parity)).

After review of the two aforementioned Supreme Court of South Carolina opinions, it appears to this court that there may be some conflict in the two holdings. Notably, one mentions South Carolina's general disfavoring of forum selection clauses, while the other indicates that under South Carolina law they are generally presumed valid and enforceable.

For the reasons stated above, and in the court's holding in Atlantic Floor, this court continues to find that the decisions of South Carolina's state courts do not reflect that forum selection clauses violate the "strong public policy" of South Carolina. This court will note that this finding is also supported by recent opinions of two (2) other federal judges in this District. First, in Gregg v. GI Apparel, Inc., 2006 WL 346423 (D.S.C. February 14, 2006), the plaintiff argued that inter-state forum selection clauses are against the public policy of the state of South Carolina. The Honorable Margaret B. Seymour disagreed with the plaintiff and noted:

> Plaintiff's claims are without merit. First, South Carolina appellate courts have enforced forum selection clauses on several occasions and have never suggested that forum selection clauses violate the public policy of South Carolina. Without a clearer pronunciation from the South Carolina legislature or courts, this court is unable to find that the enforcement of a forum selection clause contravenes a strong public policy of

9

the state of South Carolina.

Id. at *2.

Next, The Honorable Terry L. Wooten held in Power-Linx, Inc. v. Satius, Inc., 2006 WL 2038263 (D.S.C. July 20, 2006) that:

> The lack of a definitive answer from South Carolina courts in their interpretation and application of S.C. Code § 15-7-120 and its impact on forum selection clauses "in a contract" does not enable this Court to determine whether South Carolina finds forum selection clauses violate the clear public policy of South Carolina. While S.C. Code § 1570 (B) [sic] suggests disapproval and concern about forum selection clauses, it does not provide sufficient clarity to void a forum selection clause in a contract agreed upon between two sophisticated business partners. South Carolina has simply not declared through clear legislative action or judicial decision that forum selection clauses in a contract are void and against public policy.

Id. at *4.[7]

Having determined that enforcement of the forum selection clause in this case would not contravene a "strong public policy"of South Carolina, the court must next examine the other factors outlined by the United States Supreme Court in M/S Breman. After review, this court has concern with the second element, specifically that the plaintiff "will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum." Id. at 12-13. Although this issue was not raised in the parties' briefs, this court fears that if it grants the defendant's motion to dismiss, the plaintiffs would "not have [their] day in court" because the statute of limitations may have expired.[8] Notably, the complaint in this case was filed on October 8, 2003. The complaint references actionable conduct which occurred in either 2000 or 2001. Thus, it may be that the statute

---

[7] The court notes that Judge Wooten's decision was made subsequent to the Supreme Court of South Carolina's decisions in Johnson and Microplanet Systems.

[8] The court has not been provided any insight from the parties as to whether the statute of limitations would have expired.

of limitations will have expired by this late date. As such, this court finds that it would be "unreasonable and unjust" to grant the defendant's motion at this juncture. The court also has concern with the fact that all discovery has been completed in this case. This discovery was conducted under the Federal Rules of Civil Procedure. The state court in Indiana may have completely different rules and it would be unreasonable and unjust to require the parties after all of this time and effort to now re-file an action in Indiana and go through discovery all over again. Because of this additional discovery delay, this case, which has now been pending for several years, would be further postponed. This would in essence have the effect of denying the plaintiffs of their day in court.

The parties have been in this forum for over three (3) years, have South Carolina counsel, have retained experts, and each have incurred expenses in the preparation of the case. The parties have pending dispositive motions, but otherwise the case should be ready for trial. To start the ball game all over again in a new forum when the parties have made it through the eighth inning here, would be unreasonable and unjust.

Additionally, the court finds that the defendant has not met the above-noted requirements for a Rule 59 motion to alter or amend. Importantly, a difference of opinion between judges does not equal the "clear and obvious" error of law necessary to permit reconsideration, and the overruling of the prior ruling of a predecessor judge of the same Court. Villareal v. Braswell Motor Freight Lines, Inc., 545 F.2d 978, 979 (5th Cir. 1977).

### IV. Conclusion

For the reasons stated above, the defendant's motion for reconsideration is **DENIED**. The parties should be prepared to argue the merits of any pending motions and otherwise prepare to go forward with the trial of the case.

11

**IT IS SO ORDERED**.

                               s/ R. Bryan Harwell
                               R. Bryan Harwell
                               United States District Judge

Florence, South Carolina
October 4, 2006